UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DARIUS P. GEORGE, :
:
Petitioner :
:
v. : CIVIL NO. 3:CV-14-0633
:
JOHN KERESTES, et al., : (Judge Kosik)
:
Respondents :

FILED
SCRANTON
NOV 21 2014
PER _____
DEPUTY CLERK

## MEMORANDUM

Petitioner, Darius George, an inmate currently confined in the State Correctional Institution at Mahanoy (SCI-Mahanoy), Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges the denial of his parole by the Pennsylvania Board of Probation and Parole. The petition is ripe for consideration and, for the reasons that follow, will be denied.

I. **Background**

On May 12, 2010, Petitioner was sentenced to a total term of 2-4 years of incarceration following his plea of guilty to charges of Attempted Murder in the Court of Common Pleas of Lehigh County, Pennsylvania. Petitioner committed this crime while he was previously on parole for a one year, four month to five year sentence for committing the crimes of aggravated assault and criminal conspiracy in Wayne County, Pennsylvania.

The Pennsylvania Department of Corrections calculated Petitioner's sentence to have a minimum date of January 31, 2013 and a maximum date of January 31, 2015. Since reaching his minimum date, Petitioner has been considered for and denied parole on three occasions. The most recent Board decision was rendered on January 23, 2014, and denied Petitioner's application for parole based on the following:

> Following an interview with you and a review of your file, and having considered all matters required pursuant to the Board of Probation and Parole, in the exercise of its discretion, has determined at this time that: you are denied parole/reparole. The reasons for the Board's decision include the following:
>
> Your risk and needs assessment indicating your level of risk to the community.
>
> Your prior unsatisfactory parole supervision history.
>
> The negative recommendation made by the prosecuting attorney.
>
> You are to serve your unexpired maximum sentence, 01-31-2015.
>
> You may file an application for parole/reparole no sooner than 1 year after the date the last decision denying parole/reparole was recorded.

(Doc. 1 at 15, 1/23/2014 Board decision.)

On April 3, 2014, Petitioner filed the instant § 2254 habeas corpus petition. In the petition, he claims that the Board violated his substantive due process rights by denying him parole because their decision was arbitrary and capricious. In particular, he claims that the Board relied on unchanging factors like his parole supervision

2

history and the negative recommendation of a "vindictive" prosecutor. He also claims that the "risk and needs assessment" factor cited by the Board is not supported by the record. It is his belief that Pennsylvania law requires the Parole Board to grant him parole unless it concludes that he was not rehabilitated and suitable for release into society.

Service of the habeas petition was directed on April 29, 2014. Following an enlargement of time, a response thereto was submitted on June 13, 2014. (Doc. 7.) A traverse was thereafter filed on June 26, 2014. (Doc. 8.) The petition is ripe for disposition.

## II. Discussion

It is well-settled that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979). Further, the existence of a state parole system alone does not create a constitutionally-protected interest. Board of Pardons v. Allen, 482 U.S. 369, 373 (1987). Instead, a liberty interest for purposes of parole would only arise if the state code requires a parole board to make its decision based upon the existence or absence of a particular factor.

The Pennsylvania Probation and Parole Act does not grant Pennsylvania state prisoners any constitutionally-protected liberty interest in being released on parole or

3

reparoled prior to the expiration of their maximum terms.[1] Pennsylvania law unambiguously provides that a prisoner is not entitled to release from prison until the expiration of his maximum sentence.[2] Nothing in the Pennsylvania Parole Act, or any other provision of Pennsylvania law, requires the Board to release a prisoner on parole, prior to the expiration of his maximum term. The Board has complete discretion to determine whether an inmate is sufficiently rehabilitated such that he will be permitted to serve the remainder of his sentence outside the prison walls on parole. Although a prisoner is eligible for parole at the end of his minimum term, nothing in Pennsylvania law or the United States Constitution requires a prisoner to

---

[1] See, e.g., McFadden v. Lehman, 968 F. Supp. 1001, 1004 (M.D. Pa. 1997)(Pennsylvania has not created an enforceable liberty interest in parole, rehabilitative pre-release programs, or in therapy programs); Rodgers v. Parole Agent SCI-Frackville, Wech., 916 F. Supp. 474, 476 (E.D. Pa. 1996); McCrery v. Mark, 823 F. Supp. 288 (E.D. Pa. 1993); Rogers v. Pennsylvania Bd. of Probation and Parole, 724 A.2d 319 (Pa. 1999)(holding that the grant of parole for Pennsylvania prisoners is nothing more than a possibility; it merely constitutes favor granted by the state as a matter of grace and mercy); Tubbs v. Pennsylvania Bd. of Probation and Parole, 620 A.2d 584, 586 (Pa. Commw. Ct. 1993)(holding, "it is well settled under Pennsylvania law that a prisoner has no constitutionally protected liberty interest in being released from confinement prior to the expiration of his sentenced maximum term ... the [Board] makes each decision on a case by case basis, and prisoners have no guarantees that parole will ever be granted"), appeal denied, 637 A.2d 295 (Pa. 1993).

[2] A prisoner's sentence is his maximum term. Krantz v. Pennsylvania Bd. of Probation & Parole, 483 A.2d 1044, 1047 (Pa. Commw. 1984). The significance of the minimum sentence is that it establishes a parole eligibility date; the only "right" that can be asserted upon serving a minimum sentence is the "right" to apply for parole and to have that application considered by the Board. Id.

be released at such time.[3] However, the United States Court of Appeals for the Third Circuit has held that:

> [E]ven if a state statute does not give rise to a liberty interest in parole release under Greenholtz, once a state institutes a parole system all prisoners have a liberty interest flowing directly from the due process clause in not being denied parole for arbitrary or constitutionally impermissible reasons.

Block v. Potter, 631 F.2d 233, 236 (3d Cir. 1980). Accordingly, even where a state statute grants discretion to the state parole board to condition or completely deny parole, it may not permit "totally arbitrary parole decisions founded on impermissible criteria." Id. Consequently, a federal court may review a decision by a state parole board for an abuse of discretion. Id. Upon such review, relief will only be available if an applicant can show that parole was arbitrarily denied based on some impermissible reason such as "race, religion, or political beliefs," or that the parole board made its determination based on "frivolous criteria with no rational relationship to the purpose of parole . . . ." Id. at 236 n.2.

Federal courts are "not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision." See Coady v. Vaughn, 251 F.3d 480, 487 (3d Cir. 2001). Pursuant to Pennsylvania law, the Board is granted with vast discretion to

---

[3] The existence of a state parole system alone does not create a constitutionally-protected interest. Board of Pardons v. Allen, 482 U.S. 369, 373 (1987).

5

refuse or deny parole "whenever in its opinion the best interests of the inmate justify or require his being paroled [and] it does not appear that the interests of the Commonwealth will be injured by the inmate's parole." See 61 Pa. CS. § 6137(a)(i)(ii). The consideration afforded by the Board involves many different factors, all relevant to the discretionary decision of whether to grant or deny parole. See 61 Pa. CS. § 6135.

In the instant case, the reasons provided by the Board in the decision rendered on January 23, 2014 satisfy the minimal standard set forth in Boyd v. Ward, 802 A.2d 705 (Pa. Cmwlth. 2002) and Voss v. Pennsylvania Board of Probation and Parole, 788 A.2d 1107 (Pa. Cmwlth. 2001). Denying Petitioner parole based on his risk and needs assessment, his prior unsatisfactory parole supervision history, and the negative recommendation of the prosecuting attorney does not "shock the conscience" and, as such, does not constitute a substantive due process violation. See Hunterson v. DiSabato, 308 F.3d 236, 246-47 (3d Cir. 2002).

While Petitioner argues that no prosecuting attorney is ever going to give a favorable recommendation to a defendant for release on parole, he offers absolutely no basis for this blanket generalization. He provides no evidence that the prosecuting attorney in his case had any impure motives or purposely provided an unfavorable recommendation for his release on parole. Moreover, it can hardly be argued that the Board inappropriately considered Petitioner's unsatisfactory parole supervision

6

history in considering him for reparole. See Petty v. Pennsylvania Bd. of Prob. & Parole, 2010 WL 431601, *8 (E.D. Pa. Oct. 6, 2010).

Rather, there is no indication that the Board acted in an arbitrary or capricious manner or with vindictiveness, bias or prejudice in denying parole to Petitioner. Petitioner does not allege that he was denied parole on the basis of his race, religion, ethnicity or other arbitrary factor. The court cannot find that the Board's stated reasons for denying him reparole were arbitrary reasons not in his best interests, or, not rationally related to the legitimate interests of the Commonwealth.[4] As such, the court finds that the Board's denial of parole did not result in a violation of Petitioner's substantive due process rights, and the habeas petition will be denied.

## III. Certificate of Appealability

Section 2253 generally governs appeals from district court orders regarding habeas petitions. Section 2253(c)(1)(A) provides that an appeal may not be taken from a final order in a habeas proceeding in which the detention arises out of process issued by a State court unless a certificate of appealability (COA) has been issued. A COA should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2254(c)(2). Applying this standard to the

---

[4] While Petitioner argues that his good conduct in prison and institutional recommendations for parole were ignored, there is no basis for assuming the Board did not also take these factors into consideration in deciding whether to grant parole.

7

instant case, the court concludes that Petitioner has failed to demonstrate any violation of his constitutional rights. Accordingly, a certificate of appealability will be denied.